IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                          OPINION AND ORDER

         Plaintiff,

                          18-cv-68-bbc

    v.

G.B.C.I., D.O.C., J. PERTTU, JOHN KIND,
S. ECKSTEIN, C. O'DONNELL and B. HOMPE,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Michael Scott is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that prison staff have violated his constitutional rights in a number of ways. He has requested leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. Scott v. Aurora Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138- bbc (W.D. Wis.

1

Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not allege that he is in imminent danger. In fact, his complaint is too vague to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Therefore, I am dismissing his complaint and giving him an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

A. Imminent Danger

Plaintiff acknowledges in his complaint that he must plead facts supporting a finding of imminent danger of serious physical injury. Nonetheless, he has failed to do so. Plaintiff's complaint is rambling and difficult to follow. He alleges that he has been held at the Green Bay Correctional Institution in the segregation unit for several years. He says that he wants to be transferred to a mental health facility because he has significant mental health needs, but that the Program Review Committee has declined to assess him. He also complains that his mental health status was changed last year, some female correctional staff refuse to interact with him and he often has to wait for dental care. Finally, he submitted more than 80 pages of documents with his complaint, including conduct reports and grievances dating back to 2015.

2

Plaintiff's vague allegations do not support an inference that plaintiff faces imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). Although plaintiff mentions that he has mental health problems, he has not explained clearly what those problems are, what treatment he is receiving and why he believes that he is facing imminent danger. His allegations concerning incidents occurring several years ago and past delays in receiving dental care also do not support a finding of imminent danger, as none of his allegations suggests that plaintiff is facing a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). Therefore, plaintiff's complaint does not meet the exception under § 1915(g).

B. Next Steps

Because plaintiff has not met the imminent danger standard, at this stage I normally would instruct plaintiff to submit the $400 filing fee so his complaint could be screened under § 1915A. However, because plaintiff's allegations are so confusing and vague, I would dismiss his complaint immediately under Federal Rule of Civil Procedure 8 even if he submitted the $400 filing fee.

Under Rule 8, plaintiff is required to provide fair notice of his claims to each defendant and set out claims that are plausible on their face. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). Here, plaintiff's allegations are too confusing and vague to provide fair notice of his claims against each defendant. Plaintiff does not explain

3

specifically what action each individual defendant took that resulted in a violation of his constitutional rights.

Additionally, plaintiff's complaint violates Federal Rule of Civil Procedure 20, because plaintiff's allegations about dental care and conduct reports appear unrelated to his concerns about his mental health care. Under Rule 20, a plaintiff cannot bring unrelated claims against different defendants in the same lawsuit. Plaintiff's current complaint violates this rule, because it contains numerous unrelated claims involving several different defendants.

Rather than give plaintiff the opportunity to pay the full filing fee, then, I will give him an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is the nature of plaintiff's mental health condition?

(2) What treatment has he received for his mental health needs, who provided it and when?

(3) Why does he believe defendants violated his rights with respect to treatment of his mental health?

(4) What did each individual defendant do that makes him or her liable for failing to treat plaintiff's skin condition?

(5) Why does plaintiff believe he is in imminent danger of serious physical injury?

(6) How does he think the court can help him?

4

Plaintiff should take care to identify the specific actions taken by each individual defendant that he believes violated his rights. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. Plaintiff should make sure that his complaint does not include unrelated claims against different defendants. Additionally, he should avoid making legal arguments in his amended complaint. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because plaintiff has failed to state a claim upon which relief may be granted.

## C. Motion for Assistance in Recruiting Counsel

Plaintiff has also filed a motion for assistance in recruiting counsel. Dkt. #6. Before considering a request for assistance, the court must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court letters from at least three lawyers who denied his request for representation in this case. Alternatively, if the lawyers to whom plaintiff writes do not respond after 30 days, plaintiff

5

may explain the efforts he took to obtain a lawyer in a declaration sworn under penalty of perjury. 28 U.S.C. § 1746. At a minimum, plaintiff should include the date he sent the letters and a copy of the letters themselves. Plaintiff has not met this requirement.

Additionally, in determining whether to recruit counsel for a pro se litigant, the relevant question is whether the complexity of the case exceeds the plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). It is too early to make that determination in this case. Until plaintiff submits an amended complaint clarifying his claims, I cannot evaluate whether plaintiff's claims are complex or even whether his allegations are sufficient to state any claim on which he may proceed. Therefore, I will deny plaintiff's request for counsel without prejudice. Plaintiff may renew his request after the court issues a screening order in this case.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), and his complaint is DISMISSED under Fed. R. Civ. P. 8 and 20. Plaintiff may have until March 19, 2018, to file an amended complaint that complies with Fed. R. Civ. P. 8 as explained above.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #6, is DENIED.

Entered this 26th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge