IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                OPINION AND ORDER

        Plaintiff,

                18-cv-68-bbc

   v.

J. PERTTU,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Michael Scott is proceeding on a claim that defendant J. Perttu violated his Eighth Amendment rights by failing to schedule him to see a dentist for his unfilled cavity and tooth pain. Now before the court is defendant's motion for summary judgment. Dkt. #39. Because the undisputed facts establish that defendant was not deliberately indifferent to plaintiff's dental needs, I will grant defendant's motion.

From defendant's proposed findings of fact and the evidence in the record, I find the following facts to be material and undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Michael Scott is incarcerated at Green Bay Correctional Institution. Defendant Jodie Perttu is an institution complaint examiner at Green Bay. In her role as institution complaint examiner, defendant does not offer medical or dental opinions and does not have the authority to schedule an inmate for any medical or dental appointments.

1

She relies on the opinions of medical and dental treatment providers when reviewing inmate complaints.

On or about April 7, 2017, plaintiff filed an inmate complaint stating that he needed dental care because his gums were bleeding and that he was having migraine headaches. He also stated that on March 21, 2017, he received a response from dental services stating that he was scheduled for a dental appointment, but as of the date he filed the inmate complaint, he still had not been seen.

Defendant does not have any medical or dental training, experience or expertise. She contacted dental assistant Heidi Peterson in the dental services unit. Peterson confirmed that dental services had received a dental service request from plaintiff on March 21, 2017, and she stated that a dentist, Dr. Turon, had reviewed plaintiff's request and placed him on the list for routine cleaning. Defendant concluded that the dentist had reviewed, triaged and addressed plaintiff's request for dental care, so she recommended that his inmate complaint be dismissed. As for his migraines, defendant advised plaintiff to contact the health services unit for help. Lori Alsum, the Heath Services Nursing Coordinator for Corrections, reviewed defendant's recommendation in her role as the reviewing authority and dismissed the complaint.

On May 4, 2017, plaintiff submitted another inmate complaint requesting dental services. Plaintiff complained that he still had not been seen by dental services and wrote that he wanted an urgent appointment to get x-rays, have his teeth cleaned and address his bleeding gums. Defendant rejected the inmate complaint on the grounds that the issue

presented in the complaint had been addressed in plaintiff's previous inmate complaint. Plaintiff did not appeal the rejection to the reviewing authority.

On August 14, 2017, plaintiff filed a third inmate complaint regarding dental concerns. He stated that a piece of filling had fallen out of his mouth, that he had notified dental services on June 11 and that he still had not been scheduled to have the filling replaced. Defendant reviewed the complaint and contacted dental assistant Peterson. Peterson responded that a dentist, Dr. Berkers, had reviewed plaintiff's dental service request, had responded that plaintiff had refused a scheduled appointment and that plaintiff would be "placed on the routine list for an update to examine and further determine his needs." Concluding that the dentist had reviewed, triaged and addressed plaintiff's request for dental care, defendant recommended that plaintiff's inmate complaint be dismissed. The reviewing authority, Nursing Coordinator James LaBelle, dismissed the complaint.

Plaintiff's dental records indicate that he refused dental cleaning, examination and x-ray appointments on May 25, 2017, September 19, 2017 and November 1, 2018.

OPINION

To succeed on his Eighth Amendment claim, plaintiff must prove that defendant acted with "deliberate indifference" to a serious medical need. Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a layperson. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The

3

condition does not have to be life threatening.  Id.  A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994).  "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard this need by consciously failing to take reasonable measures.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

Defendant does not dispute that plaintiff has serious dental needs.  However, defendant contends that plaintiff cannot show that she was deliberately indifferent to those needs.  In particular, defendant argues that she is entitled to summary judgment because her only role in plaintiff's dental care was her decision to dismiss plaintiff's inmate complaints regarding dental care.  I agree with defendant.  The evidence shows that plaintiff filed three inmate complaints regarding his dental concerns, on April 10, 2017; May 4, 2017; and August 14, 2017.  Defendant did not ignore the complaints or show deliberate indifference to plaintiff's concerns. Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) (stating that deliberate indifference would exist if complaint examiner "sent each grievance to the shredder without reading it" or "intervened to prevent the medical unit from delivering needed care").  Instead, defendant investigated plaintiff's complaints by contacting the dental team at the prison and learning that plaintiff had either recently refused dental treatment or was on a list to be seen. Defendant recommended dismissal of plaintiff's complaints after concluding that dental staff was addressing his needs.

4

"Prison officials are entitled to delegate to the prison's medical staff the provision of good medical care." Id. at 594. And non-medical prison staff are entitled to defer to the judgment of health professionals so long as they do not ignore prisoner complaints. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010). In this instance, defendant was entitled to rely on the opinions and advice dental staff that the dentist was aware of plaintiff's requests for treatment and was addressing them as the dentist thought appropriate. Johnson v. Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006) (non-medical prison officials are not deliberately indifferent under Eighth Amendment if they investigate inmate complaints and find that medical staff is monitoring inmate's condition).

Moreover, the record shows that plaintiff has refused dental appointments on at least three occasions, including on May 25, 2017, after he had filed two inmate complaints requesting dental care and shortly before his filling fell out. Plaintiff does not explain why he refused his appointment, but it is possible that plaintiff could have avoided the extended pain and discomfort caused by his dental problems by attending his scheduled appointments. In any event, plaintiff has failed to show that defendant is responsible for any harm plaintiff has suffered, let alone any violation of his constitutional rights. Pinkston v. Madry, 440 F.3d 879, 892 (7th Cir.2006) (finding no deliberate indifference when inmate refused offered medical care). Therefore, I will grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that defendant J. Perttu's motion for summary judgment, dkt. #39,

is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 25th day of July, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge